IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PATRICK DIJON FRANKLIN, | § | |
| TDCJ-CID NO. 1345750, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. H-10-0855 |
| RICK THALER, Director, | § | |
| Texas Department of Criminal | § | |
| Justice, Correctional | § | |
| Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Patrick Dijon Franklin, proceeding pro se, filed a Petition
for a Writ of Habeas Corpus by a Person in State Custody (Docket
Entry No. 1) on February 27, 2010, challenging his state court
conviction for theft of over $200,000. Pending before the court is
Respondent Thaler's Motion for Summary Judgment with Brief in
Support (Docket Entry No. 12) arguing that Franklin's petition is
time-barred under 28 U.S.C. § 2244(d)(1)(A). For the reasons
stated below, the court will grant Thaler's motion for summary
judgment and deny Franklin's petition for a writ of habeas corpus.

## I.   **Factual and Procedural Background**

A grand jury indicted Petitioner Franklin for theft of over $200,000 on April 13, 2004.[1]  Franklin was convicted by a jury in the 337th District Court of Harris County, Texas on September 30, 2005, and sentenced to forty-eight years confinement on October 3, 2005.[2]  The First Court of Appeals of Texas affirmed Franklin's conviction on September 28, 2006.[3]  Franklin's subsequent Petition for Discretionary Review ("PDR") was refused by the Texas Court of Criminal Appeals on February 28, 2007.[4]  No further action was taken on direct appeal.

On June 4, 2008, Franklin filed an application for a state writ of habeas corpus challenging his conviction.[5]  Franklin filed four applications for a writ of mandamus seeking expediency on his state habeas petition between October 21, 2008, and October 26,

---

[1]Indictment in Cause No. 974028, The State of Texas v. Patrick Franklin, included in State Habeas Corpus Record WR-70,919-05, Docket Entry No. 8, p. 178.

[2]Judgment of Conviction by Jury, Cause No. 974028, The State of Texas v. Patrick Franklin, included in State Habeas Corpus Record WR-70,919-05, Docket Entry No. 8, pp. 179-80.

[3]Franklin v. Texas, No. 01-05-00955-CR (Tex. App. - Houston [1st] 2006), included in State Habeas Corpus Record WR-70,919-05, Docket Entry No. 8, p. 185.

[4]Franklin v. Texas, No. PD-1706-06, included in State Court Records v. 1, Docket Entry No. 8.

[5]Application for a Writ of Habeas Corpus Seeking Relief from Final Felony Conviction, State Habeas Corpus Record WR-70,919-05, included in State Court Records v. 1, Docket Entry No. 8.

2009.[6] All Franklin's motions for leave to file the writ were denied without written order by the Texas Court of Criminal Appeals, the fourth and last being denied on November 18, 2009.[7]

Franklin's application for a state writ of habeas corpus was denied without written order on the findings of the trial court without a hearing on February 3, 2010.[8] Franklin's Petition for a Writ of Habeas Corpus by a Person in State Custody was filed with this court on February 27, 2010.  (Docket Entry No. 1).

Franklin asserts the following four grounds to support his habeas petition:

(1)   Ineffective assistance of counsel.

(2)   Fraudulent indictment.

(3)   A violation of Double Jeopardy and the "Corollary Doctrine of Collateral Estoppel."

(4)   Miscarriage of justice and actual innocence.[9]

Respondent argues that Franklin's habeas petition is time-barred pursuant to 28 U.S.C. § 2244(d)(1)(A), and requests that summary judgment be granted.

---

[6]Application for a Writ of Mandamus by a Person in State Custody, No. WR-70,919-04, included in State Habeas Corpus Record WR-70,919-05, Docket Entry No. 8, p. 84.

[7]Id.

[8]Franklin v. Texas, No. PD-1706-06, included in State Habeas Corpus Record WR-70,919-05, Docket Entry No. 8.

[9]Petition for a Writ of Habeas Corpus by a Person in State Custody, Docket Entry No. 1, pp. 7-8.

-3-

## II.  __Analysis__

**A.   Applicable Law**

Summary judgment is ordinarily appropriate when the pleadings show "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c).  In a habeas proceeding, however, fact findings made by a state court are "presumed to be correct", 28 U.S.C. § 2254(e)(1), a mandate negating the traditional rule.  Smith v. Cockrell, 311 F.3d 661, 668 (5th Cir. 2002) (overruled on other grounds by Tennard v. Dretke, 142 S. Ct. 2562, 2565 (2004)).  This court will therefore accept a state court's factual findings as true unless a habeas petitioner rebuts the presumption of correctness by clear and convincing evidence.  Smith, 311 F.3d at 668.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") established a statute of limitations for filing a Petition for a Writ of Habeas Corpus by a Person in State Custody. See 28 U.S.C. § 2253; see generally Lindh v. Murphy, 117 S. Ct. 2059, 2061 (1997).  The relevant portion is codified in 28 U.S.C. § 2244(d)(1):

> (d) (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of-
>
> > (A) the date on which the judgment became final by the conclusion of direct review or

the expiration of the time for seeking such
review;

(B) the date on which the impediment to filing
an application created by State action in
violation of the Constitution or laws of the
United States is removed, if the applicant was
prevented from filing by such State action;

(C) the date on which the constitutional right
asserted was initially recognized by the
Supreme Court, if the right has been newly
recognized by the Supreme Court and made
retroactively applicable to cases on
collateral review; or

(D) the date on which the factual predicate of
the claim or claims presented could have been
discovered through the exercise of due
diligence. 28 U.S.C. § 2244(d)(1) (2009).

The AEDPA's limitations period can be tolled statutorily by a

properly filed application for state post-conviction review:

The time during which a properly filed application for
State post-conviction or other collateral review with
respect to the pertinent judgment or claim is pending
shall not be counted toward any period of limitation
under this section. 28 U.S.C. § 2244(d)(2) (2009).

**B.    Application of § 2244(d) to Franklin's Petition**

Subsections (B), (C), and (D) of § 2244(d)(1) are not relevant

to this action because petitioner does not claim state impediment,

base his petition on a newly recognized constitutional right, or

bring forward evidence undiscoverable at the time of final

judgment. The court concludes, therefore, that this action is

governed by § 2244(d)(1)(A), which provides that the limitation

period begins from "the date on which the judgment became final by

the conclusion of direct review or the expiration of the time for

seeking such review." Respondent argues that the one-year statute of limitations for Franklin's federal habeas petition provided by § 2244(d)(1)(A) expired on May 29, 2008, and therefore that the pending petition that Franklin filed approximately one year and nine months later on February 27, 2010, is time-barred.[10]

The First Court of Appeals of Texas affirmed Franklin's conviction on September 28, 2006, and the Texas Court of Criminal Appeals refused his PDR on February 28, 2007.[11] After his PDR was refused, the only form of direct review available to Franklin was a petition for a writ of certiorari to the United States Supreme Court. A petitioner has ninety days to file a certiorari petition after a PDR has been refused. U.S. SUP. CT. RULE 13. The filing deadlines must be followed for the petition to be effective. 28 U.S.C. § 2102(d). Franklin did not file a petition for a writ of certiorari,[12] therefore the period for seeking direct review expired and the judgment became final ninety days after February 28, 2007. Franklin's ninety-day window to petition for a writ of certiorari expired and his conviction ended on May 28, 2007. The one-year period of limitations mandated under section 2244(d)(1)(A)

---

[10]Respondent Thaler's Motion for Summary Judgment with Brief in Support, Docket Entry No. 12, p. 8.

[11]Franklin v. Texas, No. 01-05-00955-CR (Tex. App. – Houston [1st] 2006), included in State Court Records v. 1, Docket Entry 8.

[12]Petition for a Writ of Habeas Corpus by a Person in State Custody, Docket Entry No. 1, p. 3.

of the AEDPA therefore began on May 29, 2007, and expired on May 29, 2008, absent statutory tolling.

Statutory tolling does not apply in this action because Franklin did not file his application for state habeas corpus until June 4, 2008,[13] one week after the AEDPA statute of limitations expired. See Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000) (holding a state habeas application did not merit statutory tolling under the AEDPA if it was filed after the period of limitations had expired). Franklin's four petitions for a writ of mandamus did not toll the limitations period. Franklin's first petition for a writ of mandamus was filed on October 21, 2008, five months after the statute of limitations expired. Also, the AEDPA permits statutory tolling only when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The mandamus petitions sought merely to hasten the decision of the court with respect to Franklin's application for a state habeas petition.[14] Because the petitions did not seek review of his conviction they do not warrant the application of statutory tolling. Moore v. Cain, 298 F.3d 361, 367 (5th Cir. 2002) (holding

---

[13]Application for a Writ of Habeas Corpus Seeking Relief from Final Felony Conviction, State Habeas Corpus Record WR-70,919-05, included in State Court Records v. 1, Docket Entry No. 8.

[14]Application for a Writ of Mandamus by a Person in State Custody, No. WR-70,919-04, included in State Habeas Corpus Record WR-70,919-05, Docket Entry No. 8, p. 84.

a writ of mandamus tolls the AEDPA's statute of limitations only when seeking direct review of the petitioner's conviction).

Franklin filed his federal habeas petition on February 27, 2010, (Docket Entry No. 1), approximately one year and nine months after the period of limitations under § 2244(d)(1)(A) expired on May 29, 2008.  Franklin's petition is therefore time-barred.

## C.   Equitable Tolling

Although the AEDPA statute of limitations may be subject to equitable tolling, United States v. Petty, 530 F.3d 361, 364 (5th Cir. 2008), it is permitted only in "rare and exceptional circumstances." Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998).  The petitioner bears the burden of showing that it is warranted. See Phillips v. Donnelly, 216 F.3d 508, 511 (5th Cir.), modified on reh'g, 223 F.3d 797 (2000) (per curiam).  To be eligible for equitable tolling a petitioner must establish "(1) that he had been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Lawrence v. Florida, 127 S. Ct. 1079, 1085 (2007).

Franklin did not file a state habeas petition until after the one-year period of limitations had expired.  Franklin has not provided any evidence or explanation for the delay.  The court concludes that equitable tolling is not appropriate in this action because Franklin has established neither that he was diligent in

pursuing his rights nor that extraordinary circumstances prevented him from filing a state or federal petition within the period of limitations.  See Lawrence, 127 S. Ct. at 1085 (2007).

### III. Certificate of Appealability

Petitioner Franklin did not request a Certificate of Appealability ("COA") on the claims denied in this action.   The court, however, may deny a COA sua sponte.  See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (per curiam).  To obtain a COA, Petitioner Franklin must substantially show a denial of a constitutional right.  28 U.S.C. § 2253(c)(2); Tennard, 124 S. Ct. at 2569 (2004).  Denial of a constitutional right may have occurred when "reasonable jurists would find the assessment of the constitutional claims debatable or wrong."  Elizalde v. Dretke, 362 F.3d 323, 328 (5th Cir. 2004) (quoting Slack v. McDaniel, 120 S. Ct. 1595, 1603 (2000)).   Franklin has not shown that reasonable jurists would find that a denial of a constitutional right has occurred or that the question is debatable.  Therefore, the court will deny a COA.

### IV.   Conclusion and Order

For the reasons explained above, the court **ORDERS** the following:

1.    Respondent Thaler's Motion for Summary Judgment and Brief in Support (Docket Entry No. 12) is **GRANTED.**

-9-

2.   Franklin's Petition for a Writ of Habeas Corpus by a Person in State Custody (Docket Entry No. 1) is **DENIED**.

**SIGNED** at Houston, Texas, on this 20th day of July, 2010.

SIM LAKE
UNITED STATES DISTRICT JUDGE

-10-